LAND AUTHORITY OF PUERTO RICO, Appellant, *v.* REGISTRAR OF PROPERTY OF UTUADO, Respondent.

No. 1208. Submitted May 8, 1947.—Decided June 16, 1947.

---

*Antonio Riera* for appellant. The registrar appeared by brief.

Mr. Justice Marrero delivered the opinion of the Court.

On March 24, 1947, the Land Authority of Puerto Rico submitted to the Registrar of Property of Utuado an application, signed by its attorney before a notary public, for cancellation of a lease. The registrar refused the cancellation sought, relying on the provisions of § 79 of the Mortgage Law, as amended by Act No. 20 of July 7, 1923 (Laws of 1923, p. 212), because the cancellation was not applied for in a public instrument. The appellant now maintains that the cancellation sought lies, since said amendatory Act is not in force inasmuch as § 79 of the Mortgage Law was further amended by Act No. 18 of July 9, 1936 (Spec. Sess. Laws, p. 144), and said Section, as lastly amended, does not contain any provision making indispensable or necessary the public deed required by the 1923 amendment mentioned above.

Section 79 of the Mortgage Law, as amended in 1923, expressly provided that a cancellation could be demanded and must be ordered when the recorded right was completely extinguished; but, that as to contracts of lease or sublease, the registered right would become extinguished three months after the expiration of the term thereof if extensions of the same did not appear in the registry, or three months after the expiration of a registered extension, and *on application of the lessor,* lessee, sublessee, or owner of the real property whose right was entered in the registry *as stated in a public instrument,* and the registrar should proceed to cancel such registered right. This Section, as amended by the 1936 Act, *supra,* does not contain the requisite of a public instrument, since the proviso set forth in the 1923 Act was expressly eliminated. The 1936 amendment is, of course, the last expression of the lawmaker and, naturally, it must prevail, the amendment introduced in 1923 not having any force at the present time.

While § 79, as amended in 1923, was in force, this Court had occasion to interpret the same, and it held that §§ 79 and 82 of the Mortgage Law, as amended, should be construed together in the light of the plain legislative purpose, and that the latter Section was not necessarily incompatible with the proviso added to the former Section. *Berio et al.* v. *Registrar,* 35 P.R.R. 398, 403. At the present time we must make a similar ruling, notwithstanding the amendment of 1936, and our view still is that §§ 79 and 82 of the Mortgage Law can and must be construed jointly.

Having stated the above considerations, we will proceed to discuss the specific question now before us. Section 79 authorizes the total cancellation of a recorded right when the same is completely extinguished, and it provides, as to leases and subleases that, if the latter have any stipulation or condition for the extension thereof, duly mentioned in the registry, they shall not be canceled until the expiration of the term of said extension. The Section is silent as to the form in which the cancellation should be applied for. However, Art. 136 of the Regulations for the Execution of the Mortgage Law authorizes the submission of an application for cancellation through the same instrument by virtue of which the record has been made. Also, that a new deed for cancellation shall be necessary only when the obligation having been extinguished by the will of the interested parties, such circumstance must be established in order to cancel the record. So that, if the cancellation of the lease had been sought by means of the deed embodying the lease or by virtue of a new deed, the right to the cancellation would be evident.

Nevertheless, as we have already indicated, the cancellation herein is sought through an affidavit subscribed before a notary by the attorney for the appellant. The latter—we will say in passing—acquired the property involved in the lease on October 25, 1943, that is, over three years before it requested the cancellation of the contract of lease when the latter had

already expired. There is no controversy as to its right to demand the cancellation.

The first paragraph of § 82 of the Mortgage Law provides that records made by virtue of a public instrument can be canceled only by a final (*ejecutoria*) order, or by another instrument or authentic document in which the person in whose favor the entry has been made signifies his consent to the cancellation. We have already indicated that said cancellation could be demanded by virtue of the deed embodying the lease once it were shown that the term of the latter had expired, or by virtue of a new public instrument. However, the same § 82, as amended by Act No. 22 of July 7, 1923 (Laws of 1923, p. 218), goes on to state in the second paragraph thereof that, notwithstanding the provisions of the first paragraph, the records referred to therein may be canceled *without said requisites* when the recorded right is extinguished, or it so appears from the recorded instrument itself.[1] The contract of lease herein was made for a term of 10 years which would begin on July 1, 1933, and would end on June 30, 1943. The record thereof must necessarily state the date of the expiration of the lease (Art. 68 of the Regulations), so that the registry itself showed that when the cancellation was demanded the leasehold right had already become extinguished by the lapse of time. Second subdivision of Art. 132 of the Regulations. There is nothing in the record to show that said contract has been extended, nor has the registrar refused to make the entry on that ground.

---

[1] Section 82 of the Spanish Mortgage Law is very similar to ours but it does not contain the second paragraph which we have just discussed. In this connection, Morell, in his *Comentarios a la Legislación Hipotecaria*, 1917, vol. 3, p. 511, says:

"Sections 77 and 85 of those laws (referring to the laws of Cuba and Puerto Rico) are the same as ours with a variation which renders § 82 more complete and proper. After the first paragraph of this Section, it is added: 'Notwithstanding the provisions of the foregoing paragraph, the records or entries referred to therein may be cancelled without said requisites when the recorded right is extinguished by a provision of the law, or it so appears from the recorded instrument itself.'"

Under these circumstances, the respondent registrar was bound to know that at the time the appellant submitted its application for cancellation the lease had already expired. If the recorded deed and the record itself showed that the right had become extinguished, according to the second paragraph of § 82 the presentation of the deed embodying the lease or of any other public instrument executed by the parties was not indispensable. The cancellation could be made under the very terms of said Section, without said requisites. This being so, such a cancellation could be demanded by means of an affidavit submitted to the registrar by the present owner of the property.

The decision appealed from should be reversed and the cancellation sought ordered.